GERMAN BANK, Respondent, *v.* WILLIAM STUMPF, Appellant.

### May 7, 1878.

1. Testimony as to the actual incorporation of plaintiff is unnecessary in an action by the corporation growing out of a conveyance of real estate to which both the plaintiff and the defendant were parties, where the deed, being in evidence, recites plaintiff's incorporation.

2. Where a deed of trust requires thirty days' advertisement of the sale under it, and the first publication was on September 22d and the last on October 22d, and on three days between these dates the publication was omitted, such omissions being such as might have occurred owing to the absence of publication on Sunday, the notice will be treated as continuous; and the sale being made on October 23d, and more than thirty days having elapsed between the first publication and the sale, the notice is good. The appellate court will not inquire whether the omitted days were actually Sundays.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

FRED. STUMPF and JAMES NIEL, for appellant: The plaintiff should have proved its incorporation. — *Bank v. Kerlin*, 53 Mo. 382; *Holloway v. Railroad Co.*, 23 Texas, 465; *Bank v. Simonton*, 2 Texas, 531; *Lord v. Bigelow*, 8 Vt. 445; *Hargrave v. Bank*, 1 Ill. (Breese) 84; *Bank v. Stearns*, 15 Wend. 314; *Dutchess Cotton Man. Co. v. Davis*, 14 Johns. *239 (245); Ang. & Ames on Corp. (9th ed.) 632, chap. 18. The proof of publication of notice was irregular and void. — *Scammon v. City of Chicago*, 40 Ill. 146; *Armstrong v. Scott*, 3 Greene (Iowa), 433; *Stine v. Wilkson*, 10 Mo. 75.

R. E. ROMBAUER, for respondent: Time of notice is determined from the day of the first insertion to day of sale. — *Leffler v. Armstrong*, 4 Iowa, 482; *Kellogg v. Carrico*, 47 Mo. 157.

HAYDEN, J., delivered the opinion of the court.

In March, 1873, the appellant and wife made to the respondent's trustee their deed of trust on the real estate to

recover possession of which the present action of ejectment is brought by the respondent, which became the purchaser through sale under the deed of trust. Upon the trial the appellant offered no evidence, but confined himself to raising technical objections to the regularity of the proceedings. Judgment was rendered for the respondent for possession of the premises, for damages, and for monthly rents.

It is objected that the respondent failed to prove that it was a corporation. Waiving the question whether the denial " that it is a corporation duly established by law " is not a negative pregnant averring the actual existence of the corporation, the deed of trust which describes the note contains an admission under the appellant's hand that the respondent is a corporation. This action is between parties to that deed, and grows out of the deed and proceedings under it.

It is complained that the terms of the deed were not complied with, as " thirty days' public notice of the time, terms, and place " of sale are required to be given " by advertisement in some daily newspaper " printed and published in the city of St. Louis. Notice by publication was given in a daily newspaper of that city, the first insertion being on September 22d and the last insertion on October 22d of the same year. It appears that on three days between these two dates the publication was omitted, so that there were only twenty-eight days of actual publication. The sale was made on October 23d. The custom is, in such cases, that the notice shall be published continuously until the day of sale, and this is the proper practice. *Stine* v. *Willkson*, 10 Mo. 75. But although publication is often made on Sunday, daily newspapers being now issued on Sunday in many large cities of the country, and probably as extensively read on that day as on any day of the week, yet it is not essential to the validity of the sale that the notice should in such cases be published on the Sundays which must intervene between the first publication and the day of sale. *Kellogg*

v. *Carrico*, 47 Mo. 157. If there are, as here, such omissions as might have occurred owing to the absence of publication on Sunday, these will not render the publication invalid, and we will not inquire to see whether the omitted days were actually Sundays. The notice will be treated as continuous, and if more than thirty days have elapsed between the day of the first notice and the day of sale the publication will be sufficient. *Leffler* v. *Armstrong*, 4 Iowa, 482. Here the notice was published on October 21st, and whether published or not on Sunday, the 22d, the day before the day of sale, was immaterial.

The answer admits that the appellant was in the possession of the premises at the time when suit was brought, and the objection that no such issue was put to the jury is purely frivolous.

Other objections are made, but they are not of a character to entitle them to notice.

The judgment is affirmed, all the judges concurring.